IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RACHEL FOREMAN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1469-L** |
| | § | |
| **THE TEXAS A&M UNIVERSITY** | § | |
| **SYSTEM HEALTH SCIENCE CENTER** | § | |
| **and CHARLES BERRY**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Texas A&M University System Health Science Center's Rule 12(b)(6) Motion for Partial Dismissal, filed August 21, 2008; and Defendant Charles Berry's Motion for Rule 7 Reply and Request to Stay Discovery Pending Qualified Immunity Ruling, filed August 21, 2008. After careful consideration of the motions,[1] record, and applicable authority, the court **denies without prejudice** Defendant Texas A&M University System Health Science Center's Rule 12(b)(6) Motion for Partial Dismissal and **grants** Defendant Charles Berry's Motion for Rule 7 Reply and Request to Stay Discovery Pending Qualified Immunity Ruling.

### I. Background

Plaintiff Rachel Foreman ("Foreman" or "Plaintiff") originally filed this action on August 12, 2008, in the 68th Judicial District Court of Dallas County, Texas, against the State of Texas by

---

[1] Plaintiff Rachel Foreman did not file a response to either motion.

**Memorandum Opinion and Order - Page 1**

and through Texas A&M University System Health Science Center[2] ("TAMHSC") and Charles Berry ("Berry"), collectively, "Defendants." Defendants removed this action to federal court on August 20, 2008.

Plaintiff was a first-year student in TAMHSC's dental program at Baylor College of Dentistry during the 2007-08 school year. She failed her first year, was not promoted to her second year, and is repeating her first year during the 2008-09 school year. She alleges two causes of action concerning her experience in the dental program: discrimination based on her race and breach of contract. With respect to her race claim, Plaintiff contends that she was excluded from points given to other students as part of a curve and that such exclusion was based on race and resulted in her failure of a course and, in turn, her first year. She also alleges hostile environment based on race for, among other things, the handling of her grade grievance and interfering with her attendance of classes and taking of exams. Regarding her second cause of action for breach of contract, Plaintiff alleges that the school's policies constituted a contract and that Defendants' deviation from the policies was a breach of the contract.

Defendants contend that Plaintiff has no evidence to demonstrate the existence of a contract with either of them under the law. To the extent a contract can be demonstrated, Defendants contend that there is no evidence of a breach and that they have at all times complied with whatever terms exist under the alleged contract. Defendants also contend that Plaintiff's academic dismissal from the dental school was not the result of discriminatory bias but legitimate, nondiscriminatory reasons. Defendants further contend that Plaintiff was academically dismissed in accordance with the

---

[2]The correct name of this Defendant is "The Texas A&M University Health Science Center." **The clerk of the court shall amend the docket sheet to reflect the proper name of this Defendant.** The court has placed the correct name of this Defendant in the caption.

**Memorandum Opinion and Order - Page 2**

University's policies because she failed to meet academic standards in three courses; that academic dismissals require only notice of dismissal, not an opportunity to be heard; and that, despite this principle of law, Plaintiff was provided an opportunity to be heard and her dismissal was upheld.

Defendant TAMHSC contends that Plaintiff's discrimination claims against it are improper because she seeks to vindicate constitutional rights that may only be accomplished through the mechanisms of 42 U.S.C. §§ 1981 and 1983, which allow suit against a "person" but not a state or state agency. Accordingly, TAMHSC contends that the only relief available is through suit against a state official in the proper capacity. Defendant Berry contends that he is entitled to the protections of qualified immunity because Plaintiff has not and cannot plead any specific facts to establish that he: (1) violated any clearly established constitutional or statutory right of Plaintiff; and (2) engaged in conduct that was objectively unreasonable.

## II.  Motion to Dismiss Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

*Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Defendant TAMHSC contends that Plaintiff has failed to state a claim upon which relief can be granted because she has articulated no statutory basis for her claim of race discrimination and the only possible bases for her alleged constitutional claim to be free from race discrimination is the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff's Original Petition does not mention the statutes on which she bases her claims and cites no sections

**Memorandum Opinion and Order - Page 4**

or provisions of the United States or Texas Constitutions to support her claims. She loosely refers to "due process" but that appears to be in conjunction with her race discrimination claim. The court is not certain whether Plaintiff is asserting her claims under federal or state law. The court, as does Defendant TAMHSC, assumes that Plaintiff is asserting her claims under federal law; however, neither the court nor Defendant TAMHSC should have to take anything for granted. In deciding a dispositive motion, a court should not dismiss a complaint unless it is certain of the bases for a plaintiff's claims. The court will not guess or speculate as to the nature of Plaintiff's claims. Her allegations do not meet the minimum standards for pleading a claim. Accordingly, the court will allow Plaintiff to replead her Original Petition. In this regard, Plaintiff is specifically directed to Rule 8 of the Federal Rules of Civil Procedure to ensure that she meets the minimum requirements for pleading a claim.

### III.    Reply under Rule 7(a)

Defendant Berry is correct that, in cases involving claims of qualified immunity, it is often appropriate to require a plaintiff to file a detailed reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure that is tailored to the plea of qualified immunity. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). A plaintiff generally must be given the opportunity to reply with greater specificity in such cases before the court rules on a defendant's dispositive motion. *Todd v. Hawk,* 72 F.3d 443, 446 (5th Cir. 1996).

A reply, however, is only required when the complaint itself does not meet the required standard — "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea*, 47 F.3d at 1434. As long as "the pleadings on their face show an unreasonable violation

of a clearly establish constitutional right," assertion of qualified immunity is insufficient by itself for a motion to dismiss. *Shipp v. McMahon*, 234 F.3d 907, 912 (5th Cir. 2000). A reply is only necessary to provide further detail that is "*tailored* to the assertion of qualified immunity and fairly engage[s] its *allegations*," *Schultea*, 47 F.3d at 1433 (emphasis added), when the answer *itself* provides factual allegations that are relevant to the issue of qualified immunity — that is, whether the alleged constitutional right is clearly established or the violation is objectively unreasonable. "A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply." *Id.*

In all fairness, Defendant Berry's affirmative defense of qualified immunity is general and nonspecific. Berry alleges no facts to state why Plaintiff cannot overcome his defense of qualified immunity. He merely states, "Defendant Berry asserts the defense of qualified immunity to all claims asserted against him in his individual capacity and respectfully requests that the Plaintiff be ordered to file a Rule 7(a) Reply." Defs.' Original Answer and Aff. Defenses 22. At the same time, however, Plaintiff fails to state with particularity any allegations that Defendant Berry violated clearly established constitutional or statutory law and that Defendant Berry's conduct was objectively unreasonable. As previously stated, Foreman does not even provide the statutory or constitutional authority for her claims. Because Defendant Berry has raised the defense, and Plaintiff's pleadings are so bare-bones as to how Berry committed a violation of the law, a reply is warranted.

### IV. Stay of Discovery

Defendant Berry has requested a stay of discovery until the court resolves the issue of qualified immunity. Discovery is stayed pending a ruling on Berry's dispositive motion. *See Wicks*

*v. Mississippi State Employment Servs.*, 41 F.3d 991, 994-95 (5th Cir.), *cert. denied*, 515 U.S. 1131 (1995) (citing cases) (holding that a stay of discovery is mandatory unless the court is unable to rule on the immunity defense without further clarification of the facts). The issue of qualified immunity remains because Plaintiff must replead in accordance with the court's order, and Berry may file a second motion to dismiss if Plaintiff's pleadings are deficient. Upon proper request, the court may authorize Plaintiff to conduct limited discovery if it is necessary for her to respond to the issues raised in a second motion to dismiss.

### V. Conclusion

For the reasons herein stated, the court **denies without prejudice** Defendant Texas A&M University System Health Science Center's Rule 12(b)(6) Motion for Partial Dismissal. Plaintiff shall file an amended complaint addressing the deficiencies identified by the court and those requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

The court **grants** Defendant Charles Berry's Motion for Rule 7 Reply and Request to Stay Discovery Pending Qualified Immunity Ruling; however, rather than a reply, Plaintiff can accomplish this requirement by way of her amended complaint. Plaintiff shall include in the amended complaint specific facts to show that Defendant Berry is not entitled to the defense of qualified immunity, that is, allegations that allege he violated clearly established constitutional or statutory rights of Plaintiff and that his conduct in doing so was objectively unreasonable. Discovery is **stayed** until the qualified immunity issue is resolved, unless the court determines that limited fact discovery is needed for it to resolve the qualified immunity issue. Plaintiff **shall file** her amended pleadings by **November 26, 2008**. Defendants may file a second motion to dismiss if they believe Plaintiff's pleadings remain deficient after amendment. Such motion must be filed by

**December 10, 2008.** Any response or reply must be filed in accordance with the Local Civil Rules of the Northern District of Texas.

**It is so ordered** this 12th day of November, 2008.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge